OPINION
{¶ 1} The relator-appellant, Rick J. Conner, appeals the judgment of the Common Pleas Court of Marion County denying his writ for mandamus.
 {¶ 2} In June 1995, Johnson Hughes Excavating Inc. started a project pursuant to a contract between them and the respondent-appellee, Village of Caledonia (hereinafter "the Village"), for the construction and installation of a new four-inch sanitary sewer line and roadway on an easement adjacent to Conner's property line.
 {¶ 3} Initially, Joy Conner, Rick Conner's wife, expressed concerns that the excavation was being performed on their property. As a result, the project was stopped in order to confirm the location of the easement and the sewer line. Wilber Smith Associates surveyed the excavation site and determined that the project was not encroaching onto Conner's property.
 {¶ 4} When the project was finished, Conner again expressed reservations that the project was completed on his land outside the easement. The Village then contracted with Ahlers and Moe to complete another survey of the Conner's property. Again, the survey confirmed that the excavation was not performed on Conner's property.
 {¶ 5} On August 23, 2002, Conner filed a complaint alleging, inter alia, negligence, trespass, and unlawful appropriation.[1] The Village timely answered and denied Conner's allegations. Subsequently, the Village filed a motion for summary judgment, and the court dismissed the negligence and trespass claims. Upon consideration of the unlawful appropriation claim, the trial court noted that this remaining claim was a mandamus claim; therefore, the court sua sponte granted Conner leave to amend his complaint to conform to the requirements of an application for a writ of mandamus.
 {¶ 6} On November 3, 2003, Conner filed an application for mandamus alleging:
In [sic] or about the months of June and July 1995, in preparation forthe installation of the Village's sewer system the Respondent, Village ofCaledonia unlawfully entered onto Relator's premises, unlawfully tookRelator's property, and caused irreparable damages to Relator'sproperty.
 Pursuant to Ohio Revised Code Section 719.04 and 719.05 and Chapter 163of the Ohio Revised Code, Respondent, Village of Caledonia, has a clearand legal duty to commence appropriation proceedings leading to thedetermination of just compensation for Relator for the Village's takingof Relator's property rights.
Application for Mandamus at ¶¶ 5, 6. On November 13, 2003, the Village responded to Conner's mandamus application, and, by clerical error that is admitted by the Village in its appellate brief, admitted to all the allegations.[2] On November 24, 2003, the trial court issued an alternative writ of mandamus stating:
IT IS THEREFORE ORDERED that the Village of Caledonia, Ohio, shallinitiate an action for the appropriation of the relator's real property.In the alternative, the respondent may show cause why it should not berequired to initiate an appropriation action by written brief filed on orbefore December 22, 2003. If the respondent files a brief within theallotted time, the relator may respond on or before January 12, 2004. Thecourt will then rule without oral hearing, unless a party affirmative[sic] demonstrates why an oral hearing is necessary.
Alternative Writ of Mandamus (capital letters in original).
 {¶ 7} On December 10, 2003, the Village filed for an extension to file its Show Cause brief, which the trial court extended to January 9, 2004. At a status conference on January 8, 2004, both parties agreed to extend the deadline for the Show Cause brief until February 9, 2004. Moreover, both parties agreed that the Village was to file its jurisdictional brief on January 15, 2004, and Conner was to file his reply to that brief on January 29, 2004. On January 20, 2004, the Village filed a motion to dismiss Conner's application for mandamus; Conner responded on February 4, 2004; and the Village file
[1] The record reflects that Conner originally filed a complaint in May 1999, but he voluntarily dismissed that suit.
[2] Even though the Village admitted to the allegations stated in Conner's application for mandamus, the Village also pleaded eight affirmative defenses.